# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL 351 PENSION FUND;<br>IBEW Local 351 Surety Fund;<br>IBEW Local 351 Welfare Fund;<br>South Jersey Electrical<br>Workers TDB Fund;<br>IBEW Local 351 JATC;<br>Edward H. Gant as a trustee of<br>the Funds; and<br>IBEW Local Union No.351<br><br>    Plaintiffs,<br><br>  v.<br><br>DUNBAR ELECTRIC, LLC,<br><br>    Defendant. | Civil No. 13-988 (NLH/KMW)<br><br>**ORDER** |

**HILLMAN, District Judge**

  This matter having come before the Court by way of motion [Doc. No. 6] of Plaintiffs IBEW Local 351 Pension Fund, IBEW Local 351 Surety Fund, IBEW Local 351 Welfare Fund, South Jersey Electrical Workers TDB Fund (the "Funds"), as well as IBEW Local 351 JATC, Edward H. Gant as a trustee of the Funds, and IBEW Local Union No.351, seeking default judgment on their claims against Defendant Dunbar Electric, LLC, regarding unpaid contributions to the Funds; and

Plaintiffs averring that they are entitled to $103,313.15 in damages, including delinquent contributions to the Funds, interest, liquidated damages, audit costs, and attorneys' fees; and

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., providing: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement," 29 U.S.C. § 1145; and

Section 502(g) of ERISA providing that when an employer violates Section 515, the court shall award the plaintiff the unpaid contributions, interest on those unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs, 29 U.S.C. § 1132(g)(2); and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process -- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by

default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

Plaintiffs having requested the entry of default by the Clerk, and the Clerk having entered default on April 1, 2013; and

Plaintiffs having subsequently filed a motion for default judgment pursuant to Rule 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

The Court finding that because Defendant has failed to appear and respond to Plaintiffs' charges in this matter, Defendant is deemed to have admitted the conduct alleged in Plaintiffs' complaint, see Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)); and

The Court finding that Plaintiffs would be prejudiced if denied default judgment because they have no other means of vindicating their claims against Defendant, who has not responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for their default, see Peterson v. Boyarsky Corp., 2009 U.S. Dist. LEXIS 30967, at *12 (D.N.J. Apr. 8, 2009); but

The Court noting that Plaintiffs have not submitted any documentation[1] supporting the judgment amount of $89,468.64 sought from Defendant with respect to the delinquent contributions, liquidated damages, interest, or audit costs; and

The Court also noting that Plaintiffs have similarly failed to provide any documentation[2] supporting their claim for attorneys' fees and costs, in the amount of $13,844.51; and

The Court therefore finding that in the absence of adequate documentation supporting the judgment amount sought by Plaintiffs, the Court is unable to find that Plaintiffs are entitled to judgment in their favor on any of the claims and

---

[1] For example, neither Plaintiffs' motion nor their complaint attaches copies of the collective bargaining agreement or the audit report establishing the existence of delinquent contributions.

[2] Similarly, Plaintiffs have not submitted any bills or invoices setting forth the amount of attorneys' fees or costs sought here.

4

damages set forth in their complaint or in the motion for default judgment.

Accordingly,

**IT IS HEREBY** on this ___7th___ day of ___June___, 2013

**ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. No. 6] shall be, and hereby is, **DENIED WITHOUT PREJUDICE** to Plaintiffs' right to refile the motion within twenty **(20)** days of the date of this Order. Any subsequent motion for default judgment must include all necessary and appropriate documentation supporting the judgment amount sought by Plaintiffs.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |