**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IBEW LOCAL 351 PENSION FUND; <br> IBEW Local 351 Surety Fund; <br> IBEW Local 351 Welfare Fund; <br> South Jersey Electrical <br> Workers TDB Fund; <br> IBEW Local 351 JATC; <br> Edward H. Gant as a trustee <br> of the Funds; and <br> IBEW Local Union No.351 <br><br> Plaintiffs, <br><br> v. <br><br> DUNBAR ELECTRIC, LLC, <br><br> Defendant. | Civil No. 13-988 (NLH/KMW) <br><br> **ORDER** |

**HILLMAN, District Judge**

This matter having come before the Court by way of a renewed motion [Doc. No. 10] by Plaintiffs IBEW Local 351 Pension Fund, IBEW Local 351 Surety Fund, IBEW Local 351 Welfare Fund, South Jersey Electrical Workers TDB Fund (the "Funds"), as well as IBEW Local 351 JATC, Edward H. Gant as a trustee of the Funds, and IBEW Local Union No.351, seeking default judgment on their claims against Defendant Dunbar Electric, LLC, regarding unpaid contributions to the Funds; and

Plaintiffs now averring that they are entitled to $86,564.57 in damages, including delinquent contributions to the Funds, interest, liquidated damages, audit costs, and court costs; and

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., providing: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement," 29 U.S.C. § 1145; and

Section 502(g) of ERISA providing that when an employer violates Section 515, the court shall award the plaintiff the unpaid contributions, interest on those unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs, 29 U.S.C. § 1132(g)(2); and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process -- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by

default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," <u>Franklin v. Nat'l Maritime Union</u>, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

Plaintiffs having requested the entry of default by the Clerk, and the Clerk having entered default on April 1, 2013; and

Plaintiffs having subsequently filed their first motion for default judgment pursuant to Rule 55(b) on April 4, 2013; and

The Court having previously denied Plaintiffs' motion without prejudice by Order dated June 7, 2013; and

The Court having found in the June 7, 2013 Order that Defendant had admitted the conduct alleged in the complaint as a result of Defendant's failure to appear and respond to Plaintiffs' charges in this matter, (<u>see</u> Order [Doc. No. 7] 3,

June 7, 2013) (citing Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)); and

The Court having also found that Plaintiffs would be prejudiced if default judgment was denied because they would have no other means of vindicating their claims against Defendant, who has not responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for their default, (see Order [Doc. No. 7] 4, June 7, 2013) (citing Peterson v. Boyarsky Corp., 2009 U.S. Dist. LEXIS 30967, at *12 (D.N.J. Apr. 8, 2009)); but

The Court having been unable to determine the total amount of the default judgment that should be entered in Plaintiffs' favor at that time because Plaintiffs did not submit any of the necessary documentation in support of their request for default judgment with respect to the delinquent contributions, liquidated damages, interest, or audit costs;[1] and

---

[1] The Court also noted that Plaintiffs had failed to provide any documentation in support of their claim for attorneys' fees and costs in the amount of $13,844.51. (Order [Doc. No. 7] 4, June 7, 2013.) It appears from the present motion, however, that Plaintiffs have abandoned their claim for attorneys' fees in this matter. (See Plaintiff's Proposed Order [Doc. Not. 10-3] 1) (seeking judgment in their favor for unpaid contributions, interest, liquidated damages, court costs and filing fees only).

The Court having therefore denied Plaintiffs' motion without prejudice to their right to refile the motion in order to submit the necessary documentation, (see Order [Doc. No. 7] 5, June 7, 2013); and

Plaintiffs having filed this renewed motion[2] on August 5, 2013; and

The Court having reviewed and considered the renewed motion; and

The Court finding that, through the affidavit of their counsel, the affidavit of the trustee, Edward H. Gant, and the accompanying documentation, Plaintiffs have now provided the Court with sufficient documentation to support the amount of the default judgment sought in this motion with respect to the unpaid contributions and other expenses owed by Defendant, including the amounts of interest and liquidated damages as determined by the terms of the documents and instruments governing the Funds, plus court costs and filing fees, for a total amount of $86,564.57, see Trucking Emples. of N. Jersey

---

[2] Plaintiffs previously filed a timely renewed motion [Doc. No. 8] on June 18, 2013, but later requested to withdraw that motion without prejudice to the filing of the motion now pending before the Court. (See Letter from Andrew D. Borg, Esq. [Doc. No. 9] 1, July 22, 2013) (requesting that Plaintiffs' motion for default judgment [Doc. No. 8] be withdrawn).

Welfare Fund, Inc. v. M.J. Paquet, Inc., 2009 U.S. Dist. LEXIS 41108, at *6-7 (D.N.J. May 11, 2009) (noting that quantum of damages may be established without further proof if the amount of damages are liquidated or discernible by mathematical computation); and

The Court finding that Plaintiffs are therefore entitled to judgment in their favor on all the claims set forth in the complaint and for the damages set forth in this Order;

Accordingly,

**IT IS HEREBY** on this   7th   day of   January  , 2014

**ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. No. 10] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded the judgment of default in the amount of $86,564.57 pursuant to FED. R. CIV. P. 55(b).

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.